Stuart R. Fraenkel (State Bar No. 173991)
Nicole C. Andersen (State Bar No. 281218)
Alyssa K. Schabloski (State Bar No. 258876)
David Rodriguez (State Bar No. 342096)
**NELSON & FRAENKEL LLP**
601 South Figueroa St. Ste. 2050
Los Angeles, CA 90017
Tel.: (844) 622-6469 / Fax: (213) 622-6019
Email: stuart@nflawfirm.com
Email: nandersen@nflawfirm.com
Email: alyssa@nflawfirm.com
Email: drodriguez@nflawfirm.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAYAM YAVARI, an individual, | Case No. |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY DAMAGES** |
| v. | (Jury Trial Demanded on all Causes of Action so Triable) |
| SOCIÉTÉ AIR FRANCE, S.A. d/b/a AIR FRANCE, a foreign corporation; KONINKLIJKE LUCHTVAART MAATSCHAPPIJ N.V. d/b/a KLM Royal Dutch Airlines, a foreign corporation; and DOES 1-10, inclusive. | |
| Defendants. | |
| _____ | |

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PAYAM YAVARI, individually, by his attorneys, for his complaint against SOCIÉTÉ AIR FRANCE, S.A. d/b/a AIR FRANCE, a foreign corporation; KONINKLIJKE LUCHTVAART MAATSCHAPPIJ N.V. d/b/a KLM Royal Dutch Airlines, a foreign corporation; and DOES 1-10, inclusive (collectively "Defendants"), for damages for personal injury, respectfully alleges as follows:

**PARTIES**

1. Plaintiff PAYAM YAVARI ("YAVARI") was and is an individual and a citizen and resident of Los Angeles, California.

2. Defendant SOCIÉTÉ AIR FRANCE, S.A. d/b/a AIR FRANCE ("AIR FRANCE") was and is a foreign corporation and common carrier based in Paris, France, and is engaged in the business of operating a commercial airline out of various airports throughout the world, including LAX.

3. Upon information and belief, defendant AIR FRANCE is a wholly-owned subsidiary of Air France-KLM S.A., also known as Air France-KLM Group, which owns 100% of the shares of AIR FRANCE. Upon information and belief, Air France-KLM S.A. is a company organized under French law.

4. Defendant AIR FRANCE holds a Foreign Air Carrier Permit issued by the United States Department of Transportation that authorizes it to conduct flights between the United States and Europe. Defendant operates an airline known as Air France that makes regularly scheduled international flights between the United States and Europe.

5. Defendant KONINKLIJKE LUCHTVAART MAATSCHAPPIJ N.V. d/b/a KLM Royal Dutch Airlines ("KLM") was and is a foreign corporation and common carrier based in Amstelveen, Netherlands and is engaged in the business of operating a commercial airline out of various airports throughout the world, including Los Angeles International Airport ("LAX").

6. Upon information and belief, defendant KLM is a majority-owned subsidiary of Air France-KLM S.A., also known as Air France-KLM Group, which owns a

2

majority of the shares of KLM. Upon information and belief, Air France-KLM S.A. is a company organized under French law.

7. Defendant KLM holds a Foreign Air Carrier Permit issued by the United States Department of Transportation that authorizes it to conduct flights between the United States and Europe.

8. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and on such information and belief alleges that each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and will ask leave of this court to amend this complaint to insert their true names and capacities in place and instead of the fictitious names when the same become known to Plaintiff.

9. Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein each of the Defendants, including all Defendants sued under fictitious names, was the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of this agency and employment.

### SUBJECT MATTER JURISDICTION

10. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that Plaintiff's claims arise under a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air (Montreal, Canada May 28, 1999), reprinted in S. Treaty Doc. No. 106-45, 1999 WL 33292734 (the "Montreal Convention"). The Montreal Convention is a treaty of the United States that covers "all international carriage of persons, baggage or cargo performed by aircraft for reward." Montreal Convention, Art. 1(1).

11. The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of Article 1(2) of the Montreal Convention.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

The flight upon which the incident arose commenced in Los Angeles, California and terminated in Paris, France. The United States and France are both State Parties to the Montreal Convention.

12. Jurisdiction is proper under Article 33(1) of the Montreal Convention because Defendants sold Plaintiff the tickets for the flight in the State of California and the destination of Plaintiff's round trip ticketing was Los Angeles International Airport ("LAX") within the State of California.

13. Jurisdiction is also proper under Article 33(2) of the Montreal Convention because Defendants AIR FRANCE, and KLM do business in this District; and the principal and permanent residence of Plaintiff YAVARI is in the State of California in this District, to which Defendants AIR FRANCE, and KLM operate services for the carriage of passengers by air.

### PERSONAL JURISDICTION

14. This court has personal jurisdiction over defendant AIR FRANCE because at all relevant times, AIR FRANCE was doing substantial business in and had contacts with the State of California sufficient for this court to exercise jurisdiction; AIR FRANCE has purposefully availed itself of the privilege of doing business in California and Plaintiff YAVARI's claims arose from and relate to AIR FRANCE's contacts within the State of California.

15. This Court has personal jurisdiction over defendant KLM in California because KLM participates in a contractual code-share arrangement with defendant AIR FRANCE through which AIR FRANCE provides carriage on certain flights to KLM customers into and out of the State of California and sells KLM flights to California passengers.

16. Defendants AIR FRANCE, and KLM are subject to this Court's personal jurisdiction because they have a regular and established practice of business in this District, including at ground operations and other permanent operations located at Los Angeles International Airport, 1 World Way, Los Angeles, California.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

17. Upon information and belief, defendant KLM was the contracting carrier within the meaning of Articles 39 and 40 of the Montreal Convention, having undertaken to provide Plaintiff's international carriage and participated in issuing transportation for the subject itinerary.

18. Upon information and belief, defendant AIR FRANCE was the actual carrier within the meaning of Articles 39 and 40 of the Montreal Convention, having operated the Subject Flight segment on which Plaintiff's injuries occurred.

**VENUE**

19. Venue in the Central District of California, Los Angeles Division, is proper pursuant to 28 U.S.C. § 1391, because all defendants are subject to this Court's personal jurisdiction with respect to the instant action.

**GENERAL ALLEGATIONS**

20. Plaintiff YAVARI purchased a round-trip ticket for travel from Los Angeles to Istanbul, Turkey departing on June 18, 2024 and returning to Los Angeles on July 8, 2024. The outbound flight from Los Angeles to Istanbul had a layover at Paris-Charles de Gaulle Airport in Paris, France ("CDG"). The incident in question occurred on the first leg of the outbound flight, on June 18, 2024, during the course of operation of KLM flight 2063 operated by defendant AIR FRANCE, from LAX to CDG (the "Subject Flight").

21. On or about June 18, 2024, Plaintiff YAVARI was a fare paying passenger aboard the aircraft being used for the Subject Flight (the "Subject Aircraft") pursuant to a ticket for air travel.

22. At all material times, defendants AIR FRANCE and/or KLM entered into the contract of carriage with Plaintiff YAVARI and were in control of, and responsible for, Plaintiff's safe transport.

23. Upon information and belief, at all times relevant to this complaint, including on June 18, 2024, defendant AIR FRANCE employed a flight crew responsible for the safe and secure operation of the Subject Flight as well as the safety and well-being of its passengers.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

24. Upon information and belief, at all times relevant to this complaint, including on June 18, 2024, defendant AIR FRANCE was responsible for the service, maintenance, inspection, and repair of the Subject Aircraft.

25. Upon information and belief, at all times relevant to this complaint, including on June 18, 2024, defendant AIR FRANCE was responsible for the training, management, supervision, and control of the flight crew aboard the Subject Flight, including but not limited to the crew's adherence to standard safety policies and protocol.

26. On June 18, 2024, while aboard the Subject Flight, Plaintiff YAVARI sustained serious injury when he was forcefully and unexpectedly struck in the knee by a beverage cart being controlled and used by defendant AIR FRANCE's crew.

27. As a result of being struck by the beverage cart, Plaintiff YAVARI sustained serious bodily injuries.

### COUNT I: BODILY INJURY

### UNDER ARTICLE 17 OF THE MONTREAL CONVENTION

**By Plaintiff YAVARI Against All Defendants**

28. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

29. On June 18, 2024, while aboard the Subject Aircraft, Plaintiff, YAVARI, was injured as the result of an "accident" as defined by the Montreal Convention because his injuries were caused by an unexpected or unusual event or occurrence external to him, and not by an internal reaction to the normal operation of the aircraft.

30. Specifically, Plaintiff, YAVARI, was caused to become severely injured when he was violently struck on the knee with a service cart being operated by one of Defendants' employees and/or agents during the Subject Flight.

31. As a direct and proximate result of the aforesaid accident, Plaintiff, YAVARI, was seriously injured.

32. As a direct and proximate result of the aforesaid accident, Plaintiff, YAVARI, was permanently injured.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

33. As a direct and proximate result of the aforesaid accident, Plaintiff, YAVARI, suffered great pain, suffering, agony and mental anguish, and in the future shall continue to suffer from same.

34. As a direct and proximate result of the aforesaid accident, Plaintiff, YAVARI, was forced to expend great sums of money on medical treatment and in the future shall continue to expend sums of money on medical treatment.

35. As a direct and proximate result of the aforesaid accident, Plaintiff, YAVARI, was deprived of his enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

36. As a further direct and proximate result of the accident, and actions and inactions of Defendants, and each of them, Plaintiff YAVARI was unable to work, lost wages, earnings and benefits, and is informed and believes and thereon alleges that he will lose future work, wages, earnings and benefits as a result of medical treatment and pain caused by his injuries.

37. As a result of the foregoing, defendants AIR FRANCE and/or KLM, are liable to pay full, fair and reasonable damages to Plaintiff, YAVARI, pursuant to the Montreal Convention.

38. Defendants AIR FRANCE and/or KLM, cannot meet their burden under Montreal Convention Article 21(2)(a) of proving that the carrier's negligence did not cause or contribute to the aforesaid accident and the resulting injuries to Plaintiff, YAVARI.

39. Defendants AIR FRANCE and/or KLM cannot meet their burden under Article 21(2)(b) of the Montreal Convention of proving that the injuries suffered by Plaintiff, YAVARI, were caused solely by the acts of third parties, and/or by Plaintiff, YAVARI.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff YAVARI prays for judgment against Defendants, and each of them, as follows:

1. Damages to be awarded in an amount to be determined at trial, including

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

general, special, and compensatory damages;

2.  For medical and related expenses in an amount to be determined at trial;

3.  For lost earnings, past and future, in an amount to be determined at trial;

4.  For interest as allowed by law;

5.  For costs of suit incurred herein; and

6.  For such other and further relief as the Court deems just and proper.

Dated: May 18, 2026                              **NELSON & FRAENKEL LLP**

_____
Stuart R. Fraenkel
Nicole C. Andersen
Alyssa K. Schabloski
David Rodriguez
*Attorneys for Plaintiff*

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff YAVARI hereby demands a jury trial.

Dated: May 18, 2026                              **NELSON & FRAENKEL LLP**

_____
Stuart R. Fraenkel
Nicole C. Andersen
Alyssa K. Schabloski
David Rodriguez
*Attorneys for Plaintiff*

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL